# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:09cv423

| | |
|---|---|
| JERRY ANDERSON, | )
| Plaintiff, | )
| Vs. | ) ORDER
| CALDWELL COUNTY SHERIFF'S OFFICE, et al., | )
| Defendants. | )

**THIS MATTER** is before the court on plaintiffs' Motion for Leave to Extend the Duration of the Deposition of Defendant Stafford. In what can only be described as an astonishing filing, the Caldwell County defendants have filed over 700 pages of exhibits, which mainly consists of the transcript of Defendant Stafford in the state court criminal proceeding. While it is clear that the county defendants have submitted such in furtherance of an argument against extending the deposition of Defendant Stafford, such exhibit cuts the other way and indicates to this court that Defendant Stafford was likely the key if not pivotal investigator in the underlying criminal proceeding. While testimony during the criminal proceedings was likely geared toward proving the state's case, the testimony which plaintiff seeks to garner will concern the elements of the civil claims asserted against these defendants. As it now stands, plaintiff seeks only a four hour and twenty minute enlargement of the time for deposing Defendant Stafford.

First, the court has considered Rule 30(d)(1), which governs the duration of

depositions by oral examination. Rule 30(d)(1) provides as follows:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Fed.R.Civ.P. 30(d)(1). Thus, if additional time is fairly needed and Rule 26(b)(2) is satisfied, the court has no choice but to allow additional time. In most relevant part, Rule 26(d)(2)(C) provides for consideration of limitations, as follows:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C). As to subsection (i), plaintiff has shown that examination of Defendant Stafford's notes and criminal trial testimony as well as his behind-the-scenes decision making requires the additional time. As to subsection (ii), plaintiff has shown that he has not had ample opportunity *in this civil action* to fully depose a party who was apparently the key investigator in his criminal prosecution. As to subsection (iii), the burden and cost of less than a day's deposition is negligible when compared with either the likely expense of revisiting the issue after a Rule 56(d) motion is filed or the additional expense of seeking such information in the first instance at trial.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Leave to Extend the Duration of the Deposition of Defendant Stafford (#71) is **GRANTED,** and the time for taking the deposition of Defendant Stafford is **ENLARGED** by a total of five hours.

Signed: March 9, 2011

Dennis L. Howell
United States Magistrate Judge