# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv423

| | |
|---|---|
| JERRY ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CALDWELL COUNTY SHERIFF'S ) | |
| OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's Motion to Compel [# 75]. Plaintiff moves to compel Defendants to respond to a number of the requests in Plaintiff's First Interrogatories and Requests for Production of Documents to which Defendants objected. Defendants contend that a court order pursuant to N.C. Gen. Stat. §153A-98 is necessary before they can respond to Plaintiff's interrogatories or produce the documents at issue. The Court **GRANTS** Plaintiff's motion [# 75].

## I. Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ.

P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010).

II. Analysis

The privacy of employee personnel records in North Carolina is governed by N.C. Gen. Stat. §153A-98. This statute provides that general information such as the name, age, title, position, and salary are matters of public record. N.C. Gen. Stat. § 153A-98(a)-(b). Other than the general information specifically listed in subsection (b) of the statute, all other information contained in a county employee's personnel file is confidential and is only open to inspection if one of the enumerated exceptions applies. N.C. Gen. Stat. § 153A-98(c). One such exception is that "any person may examine such portion of an employee's personnel file as may be ordered by [a] court." N.C. Gen. Stat. § 153A-98(c)(4).

The discovery requests at issue seek documents and answers to interrogatories related to the personnel records of Defendants. Defendants do not contend that the requests are not relevant to any claim or defense. Rather, they contend that N.C. Gen. Stat. §153A-98 requires a court order prior to their production of the requested information. In their objections to Plaintiff's discovery requests, Defendants stated that they would produce the information upon the entry of an Order from the Court

allowing the release of the information in the personnel records.[1]

Defendants have not set forth any valid reason in response to Plaintiff's motion as to why the Court should not enter an Order allowing the production of the information in the personnel files. Accordingly, the Court finds that the entry of an Order pursuant to N.C. Gen. Stat. §153A-98 allowing Defendants to release this information to Plaintiff is appropriate in this case, especially in light of the existing Protective Order. The Court, therefore, **GRANTS** Plaintiff's Motion to Compel and **ORDERS** Defendants to produce the documents responsive to Plaintiff's discovery requests and answer Plaintiff's interrogatories within ten (10) days of the entry of this Order.

Plaintiff also seeks psychological assessments of Defendants conducted by their employers. Defendants contend that they are aware of no such documents and will notify counsel if they discover any responsive documents. The Court cannot order a party to produce documents that do not exist. Accordingly, the Court **DIRECTS** Defendants to make a good faith effort to locate any documents that are responsive to Plaintiff's discovery requests. If Defendants cannot locate any responsive documents, they should state in writing to Plaintiff within ten (10) days of the entry of this Order that their search has not revealed any documents responsive to this request.

### III. Conclusion

---

[1] Although Defendants contend that these documents may no longer be relevant because the Court entered a Memorandum and Recommendation recommending that the District Court dismiss Plaintiff's failure to train and supervise claims, those claims are still pending and discovery in this case is ongoing.

The Court **GRANTS** Plaintiff's Motion to Compel [# 75]. The Court **DIRECTS** Defendants to fully respond to Plaintiff's First Interrogatories and Requests for Production of Documents within ten (10) days of the entry of this Order. The Court **DIRECTS** Defendants to make a good faith effort to locate any physiological assessments that may be responsive to Plaintiff's discovery requests. If Defendants cannot locate any responsive documents, they should state in writing to Plaintiff within ten (10) days of the entry of this Order that their search has not revealed any responsive documents. Each party shall bear their own costs for this motion.

Signed: June 8, 2011

Dennis L. Howell
United States Magistrate Judge