# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv423

| | |
|---|---|
| JERRY ANDERSON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     **ORDER** <br>) |
| CALDWELL COUNTY SHERIFF'S OFFICE, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

Pending before the Court is Defendant Caldwell County Sheriff's Office's Motion to Compel [# 82]. Defendant moves the Court to compel Plaintiff to supplement his answers to interrogatories and produce documents in response to its First Set of Interrogatories and Requests for Production of Documents. Specifically, Defendant contends that Plaintiff has failed to produce a privilege log supporting his claims of privilege and has failed to fully respond to its discovery requests. In response to Defendant's motion, Plaintiff produced a privilege log and supplement its discovery responses. The Court **GRANTS** Defendant's motion [# 82].

### I.  Factual Background

Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production of Documents on May 17, 2010. On August 20, 2010, Plaintiff served his response on Defendant. In his response, Plaintiff asserted a number of objections, including the attorney-client privilege and work product doctrine. Plaintiff, however, did not provide Defendant with a privilege log and provided no further detail

regarding the application of the attorney-client privilege to the specific documents at issue. Plaintiff's response also contained a number of boilerplate objections. On February 25, 2011, counsel for Defendant sent a letter to Plaintiff's counsel regarding Plaintiff's responses to Defendant's discovery requests. The letter requested that Plaintiff provide Defendant with a privilege log and indicated that Defendant would file a motion to compel if Plaintiff failed to do so. In addition, the letter set forth what Defendant believed were other deficiencies in Plaintiff's response. After receiving no privilege log in response to the letter, Defendant filed this motion to compel on March 15, 2011. In response to Defendant's motion, Plaintiff supplemented his discovery responses and provided, for the first time, a privilege log.

## II. Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243

(M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010).

### III. Analysis

### A. The Attorney-Client Privilege and Attorney Work Product Doctrine

Rule 26 of the Federal Rules of Civil Procedure provides that where a party withholds discoverable information on the ground that the information is privileged, the party must:

(I) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). Typically, this description takes the form of a privilege log. Mezu v. Morgan State Univ., 269 F.R.D. 565, 577 (D. Md. 2010); Smith v. Café Asia, 256 F.R.D. 247, 250 (D.D.C. 2009). "A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege." Travelers Indemnity Co. v. Allied Tube & Conduit, Corp., No. 1:08cv548, 2010 WL 272579, at *1 (W.D.N.C. Jan. 15, 2010) (Howell, Mag. J.); Mezu, 269 F.R.D. at 577 ("a privilege log . . . must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege."); AVX Corp. v. Horry Land Co., Inc., No. 4:07cv3299, 2010 WL 4884903, at *4 (D.S.C. Nov. 24, 2010) ("Failure to produce a timely or sufficient privilege log may constitute a forfeiture of any claims of privilege.").

In response to Defendant's discovery requests, Plaintiff asserted boilerplate objections, including that the documents were subject to the attorney-client privilege. Plaintiff, however, did not produce a privilege log and failed to provide any information that would enable the parties to assess Plaintiff's claim of privilege, as required by Rule 26. Instead, Plaintiff waited until April 12, 2011 - nearly eleven months after Defendant served its discovery requests and eight months after serving its written responses on Defendant - to provide Defendant with a privilege log. Moreover, Plaintiff only provided this privilege log in response to Defendant's Motion to Compel.

Rule 26(b)(5)(A) provides that a party asserting a claim of privilege <u>must</u> describe the nature of the documents not disclosed so that the opposing party can evaluate the merits of the claims of privilege. Fed. R. Civ. P. 26(b)(5)(A). Plaintiff failed to comply with the rule until nearly a year after Defendant served its discovery responses. By waiting to produce the privilege log until Defendant filed a motion to compel, Plaintiff has unduly delayed discovery in this case and necessitated the filing of a motion to get Plaintiff to provide Defendant with the information it was required to provide in August 2010. Although the Court strongly considered finding that Plaintiff had waived the attorney-client privilege and attorney work product doctrine as to all responsive documents because of Plaintiff's failure to comply with Rule 26, the Court will exercise restraint and allow Plaintiff to assert the privilege because of the potential seriousness of waiving the attorney-client privilege in a case where Plaintiff was tried for the alleged murder of this wife. Instead, the Court **AWARDS**

Defendant its costs, including attorneys' fees for bringing this Motion.

Finally, after reviewing the untimely privilege log produced by Plaintiff, if Defendant believes that some of the documents withheld by Plaintiff are not in fact subject to a claim of privilege, Defendant may file a motion to compel those specific documents within twenty (20) days of the entry of this Order. Upon the filing of such a motion, the Court will conduct an in camera review of the documents at issue and determine whether they are subject to the applicable privilege specified in the privilege log. Prior to the filing of such a motion, however, the Court **DIRECTS** counsel for Plaintiff and Defendant to meet face to case and in person and attempt in good faith to resolve the issue without Court intervention. The Court **INSTRUCTS** Plaintiff that if upon a review of the documents withheld, it determines that any documents were withheld without a reasonable basis for believing that they are, in fact, subject to a privilege, the Court will reconsider its decision that Plaintiff has not waived the attorney-client privilege and work product doctrine as to <u>all</u> responsive documents.

### B. Plaintiff's Boilerplate Objections

In response to Defendant's discovery requests, Plaintiff asserted a variety of additional objections, including that the requests are overly broad and not relevant. Plaintiff's response, however, failed to state how the requests were irrelevant or why they were overly broad. In fact, Plaintiff states in response to the Motion to Compel that he "made his objections in order to preserve them." (Pl.'s Resp. to Def.'s Mot. Compel at 17.) Such boilerplate objections are invalid. <u>See</u> <u>Kinetic Concepts</u>, 268

F.R.D. at 241 (collecting cases); Mainstreet Collection, 270 F.R.D. at 240; Hanger v. Graham, 267 F.R.D. 486, 491 (N.D. W. Va. 2010); Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358-59 (D. Md. 2008). Moreover, there is no provision in the Federal Rules that allows a party to assert objections simply to preserve them. Instead, the Federal Rules require that objections be specific. See Fed. R. Civ. P. 34(b)(2), 33(b)(4); Mancia, 253 F.R.D. at 356; see also Mainstreet Collection, 270 F.R.D. at 240. Accordingly, the Court finds that Plaintiff has waived any objections, other than privilege, to Defendant's document requests and **OVERRULES** the objections. The Court **DIRECTS** Plaintiff to produce all responsive materials to Defendant's First Requests for Production of Documents within twenty (20) days of the entry of this Order.

### C. Plaintiff's Responses to Interrogatories

In response to a number of Defendant's interrogatories, Plaintiff references or incorporates other documents. For example, Plaintiff references several attachments to his response that summarize the factual allegations supporting his claim. In addition, he references the documents generated in the criminal prosecution of Plaintiff and documents produced to Defendant. Defendant contends that these responses are insufficient. (Def.'s Reply to Mot. Compl. at 10.)

In responding to an interrogatory, a party must answer "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The general rule is that an answer to an interrogatory should not refer to other documents such as pleadings, depositions, or other interrogatories, but should be complete in itself. See Williams v.

Sprint/United Mgmt. Co., 235 F.R.D. 494, 501 (D. Kan. 2006); Scaife v. Boenne, 191 F.R.D. 590, 594 (N.D. Ind. 2000); Mahoney v. Kempton, 142 F.R.D. 32, 33 (D. Mass. 1992); Martin v. Easton Pub'n Co., 85 F.R.D. 312, 315 (E.D. Pa. 1980). Although there is an exception to this general rule for business records, this exception has no application in this case. See Fed. R. Civ. P. 33(d). Accordingly, the Court **DIRECTS** Plaintiff to supplement his responses to Defendant's interrogatories by answering each interrogatory separately and fully without incorporating by reference other documents, pleadings, or answers. Each response should be complete within itself. To the extent that a specific document provides the information requested by Defendant, the Court will allow Plaintiff to reference in the response the specific document that contains the information requested. Plaintiff may not reference general documents or a specific category of documents. Rather, Plaintiff must identity *the specific document* by Bates label that contains the information requested. Plaintiff shall supplement his responses within ten (10) days of entry of this Order.

**D.     Rule 26(g) of the Federal Rules of Civil Procedure**

Rule 26(g) provides that every response to a discovery request or objection must be signed by at least one attorney of record in the attorney's own name. Fed. R. Civ. P. 26(g)(1). "By signing, an attorney . . . certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" a response or objection to a discovery requests is "consistent with these rules" and "not interposed for any improper purpose, such as to . . . cause unnecessary delay, or needlessly increase the cost of litigation. . . ." Fed. R. Civ. P. 26(g)(1)(B); see also Mancia, 253

F.R.D. at 358-59 (discussing Rule 26(g) in connection with asserting boilerplate objections to discovery requests). The rule requires an attorney "to stop and think about the legitimacy of a discovery request, a response thereto, or an objection." Fed. R. Civ. P. 26(g) advisory committee's note to the 1983 amendments. The rule further provides for a sanction against the attorney, party, or both if a certification violates Rule 26 without substantial justification. Fed. R. Civ. P. 26(g)(3).

Attorneys Robert Elliot and Lisa Dubs signed the discovery responses at issue, which failed to comply with the requirements of the Federal Rules. The responses did not contain a privilege log or the information required by Rule 26 and contained unspecific, boilerplate objection - some of which were offered simply to preserve the objection. The Court reminds counsel of their obligations under Rule 26(g). Prior to making an objection or responding to discovery, counsel should stop and think about the legitimacy of the response and ensure that it complies with the requirements of the Federal Rules.

### E. Payment of Expenses

The Court **AWARDS** Defendant its reasonable costs, including attorneys' fees in bringing this motion. The Court **DIRECTS** the parties to confer in an attempt to resolve the issue of expenses amicably. If the parties cannot agree as to the reasonable expenses, Defendant shall file an accounting of its expenses, including attorneys' fees, incurred in filing its Motion to Compel by June 24, 2011. Defendant should also submit affidavits setting forth the number hours counsel reasonably expended filing the Motion to Compel, the hourly rate charged, and the prevailing market rate in the

relevant community.  See  Robinson v. Equifax Information Servs., LLC, 560 F.3d 235, 243-244 (4th Cir. 2009); Neves v. Neves, 637 F. Supp. 2d 322, 340 (W.D.N.C. 2009) (Reidinger, J.).  Plaintiff shall have until July 1, 2011, to file specific objections to the expenses requested by Defendant.  The Court will then calculate the award of attorneys' fees by multiplying the number of reasonable hours expended by counsel times the reasonable hourly rate. Robinson, 560 F.2d at 243.  In determining what constitutes a reasonable number of hours and rate, the Court shall consider:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 243-44 (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 266 n.28 (4th Cir. 1978)).

**IV.    Conclusion**

The Court **GRANTS** Defendant's Motion to Compel [# 82]. The Court **DIRECTS** Plaintiff to produce all responsive materials to Defendant's First Requests for Production of Documents within twenty (20) days of the entry of this Order.  The Court **DIRECTS** Plaintiff to supplement his responses to Defendant's interrogatories within ten (10) days of entry of this Order.

Finally, the Court **AWARDS** Defendant its costs in bringing this motion.  The

Court **DIRECTS** the parties to confer in an attempt to resolve the issue of expenses amicably.  If the parties cannot agree as to the reasonable expenses, Defendant shall file an accounting of its expenses, including attorneys' fees, incurred in filing its Motion to Compel by June 24, 2011.

    Signed: June 10, 2011

_____
Dennis L. Howell
United States Magistrate Judge