# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv423

| | |
|---|---|
| JERRY ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CALDWELL COUNTY SHERIFF'S OFFICE, et al., | ) |
| Defendants. | ) |

Pending before the Court is Defendants' Second Motion to Compel [# 87] and Plaintiff's Motion to Supplement [# 113]. Plaintiff designated Dr. Cynthia D. Gardner as a retained expert in this case. Pursuant to the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff provided Defendants with a written expert report. Defendants contend that this expert report fails to satisfy the requirements of Rule 26 and move to compel Plaintiff to supplement the report. Subsequently, Plaintiff moved to supplement his response to the Motion to Compel to include the entire transcript of Dr. Gardner's testimony in the criminal trial of Plaintiff. The Court **GRANTS** Defendants' motion [# 87] and **GRANTS** Plaintiff's Motion to Supplement [# 113].[1]

---

[1] The Court **GRANTS** Plaintiff's Motion to Supplement [# 113]. The Court, however, notes that Dr. Gardner's prior testimony in Plaintiff's criminal trial, as well as Defendants' statements regarding her "willingness to modify her expert opinions to suit the argument of the side who has retained her as an expert witness" (Defs.' Reply Br. at p. 4), are not relevant to deciding Defendants' Motion to Compel. Statements such as these by counsel have no bearing on whether or not Plaintiff complied with the requirements of Rule 26. The Court reminds counsel that both sides are bound by the requirements of Rule 11 of the Federal Rules of Civil Procedure as well as the standards of professionalism required by members of the bar, including

-1-

I.   **Analysis**

Rule 26 requires a party to disclose to the opposing side the identity of any expert witness it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). In addition, the party must provide a written expert report "if the witness is one retained or specifically employed to provide expert testimony in the case . . . ." Fed. R. Civ. P. 26(a)(2)(B). This report "must" contain specific information, including "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition . . . ." Fed. R. Civ. P. 26(a)(2)(B)(v). This list of cases must at a minimum include the name of the court or administrative agency where the expert previously testified, the names of the parties, the case number, and whether the testimony was provided at trial or at a deposition. Coleman v. Dydula, 190 F.R.D. 316, 318 (W.D.N.C. 1999); Hilt v. SFC Inc., 170 F.R.D. 182, 185 (D. Kan. 1997); Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 300 (D. Nev. 1998); Nguyen v. IBP, Inc., 162 F.R.D. 675, 682 (D. Kan. 1995); Hicks v. Dairyland Ins. Co., No. 2:08cv01687, 2009 WL 2243794, at * 5-6 (D. Nev. Jul. 24, 2009); see also Griffith v. Gen. Motors Corp., 303 F.3d 1276, 1282-83 (11th Cir. 2002). "The obvious purpose of providing lists of prior cases is to enable opposing counsel to obtain prior testimony of the expert." Coleman, 190 F.R.D. at 318.

The failure of an expert to maintain sufficient business records to provide a complete list of prior testimony is not a sufficient excuse for failing to provide a complete list of prior cases. See id.; Elgas, 179 F.R.D at 300; Nguyen 162 F.R.D. at

---

the North Carolina Rules of Professional Conduct.

681. As the United States District Court for the District of Kansas explained in Nguyen,

> An expert's failure to maintain records in the ordinary course of his business sufficient to allow the disclosures to be made, does not constitute "substantial justification" for the failure to provide required disclosures as to any retained expert expected to testify at the trial of the case. The requirements of the Rule 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case.

162 F.R.D. at 681; see also Elgas, 179 F.R.D. at 300. The District Court went on to explain that,

> A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26. The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures. The selection and retention of an expert witness is within the control of the party employing the expert. To the extent that there is a disadvantage created by the expert's failure to disclose it must be borne by the party retaining the expert witness.

Nguyen, 162 F.R.D. at 681.

Pursuant to Rule 37(a)(4), an incomplete disclosure under Rule 26(a)(2)(B) is treated as a failure to disclose. Fed. R. Civ. P. 37(a)(4); Sullivan v. Glock, Inc., 175 F.R.D. 497, 503 (D. Md. 1997). And a party provided an incomplete expert report may move to compel a complete report and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A); Sullivan, 175 F.R.D. at 503.

The expert report Plaintiff provided Defendants failed to set forth all the information required by Rule 26. As a threshold matter, the expert report contains

only a partial list of the cases in which Dr. Gardner has testified over the last four years. Rule 26, however, requires that the expert report contain a list of <u>all</u> the cases in which the expert has testified as an expert at trial or by deposition. Fed. R. Civ. P. 26(a)(2)(B)(v). Moreover, this partial list contains only the date and the county in which she testified as an expert. The report fails to include the name of the court or administrative agency where she testified, the names of the parties, the case number, and whether the testimony was provided at trial or at a deposition. See <u>Coleman</u>, 190 F.R.D. at 318; <u>Hilt</u>, 170 F.R.D. at 185; <u>Elgas</u>, 179 F.R.D. at 300; <u>Nguyen</u>, 162 F.R.D. at 682. As an incomplete disclosure, the Court must treat it as a failure to disclose. Fed. R. Civ. P. 37(a)(3)(A), (4).[2] Because Plaintiff failed to disclose all the information required by Rule 26, the Court **GRANTS** Defendants' Motion to Compel [# 87]. Plaintiff shall provide Defendants with a complete expert report that contains a list of all cases in which Dr. Gardner has testified as an expert at trial or by deposition in the last four years within ten (10) days of entry of this Order. This list must contain the name of the court or administrative agency where she testified, the names of the parties, the case number, and whether the testimony was provided at trial or at a deposition.

Finally, Rule 37 also provides that if a court grants a motion to compel or the

---

[2] In response to the Motion to Compel, Plaintiff contends that he has substantially complied with the requirements of Rule 26 and Defendants have not been prejudiced by his failure to provide a complete list. These considerations, and the cases cited by Plaintiff, are not relevant to the consideration of Defendants' Motion to Compel. Defendants have not moved to strike the expert testimony of Dr. Gardner. Rather, Defendants move to compel Plaintiff to produce a complete expert report that complies with Rule 26. Although the issue of whether or not to exclude Dr. Gardner's expert testimony if Plaintiff continues to fail to provide a complete report may become an issue later, see e.g. <u>Elgas</u>, 179 F.R.D. at 300; <u>Coleman</u>, 190 F.R.D. at 318, this issue is not currently before the Court.

discovery is provided after the party files the motion, the court <u>must</u> require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, after providing the party an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff's failure to comply with the requirements of Rule 26 necessitated this motion, which the Court granted. Accordingly, the Court **DIRECTS** Plaintiff to **SHOW CAUSE** in writing within seven (7) days of the entry of this Order, why the Court should not award Defendants their costs, including their reasonable attorneys' fees, pursuant to Rule 37(a)(5)(A).

## II. Conclusion

The Court **GRANTS** Plaintiff's Motion to Supplement [# 113] and **GRANTS** Defendants' Motion to Compel [# 87]. Plaintiff shall provide Defendants with a complete expert report that contains a complete list of all cases in which Dr. Gardner has testified as an expert at trial or by deposition in the last four years within ten (10) days of entry of this Order. This list must contain the name of the court or administrative agency where she testified, the names of the parties, the case number, and whether the testimony was provided at trial or at a deposition. The Court **DIRECTS** Plaintiff to **SHOW CAUSE** in writing within seven (7) days of the entry of this Order, why the Court should not award Defendants their costs, including their reasonable attorneys' fees, pursuant to Rule 37(a)(5)(A).

Signed: June 13, 2011

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge