# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv423

| | |
|---|---|
| JERRY ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CALDWELL COUNTY SHERIFF'S ) | |
| OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's Motion for Protective Order [# 89]. This motion concerns subpoenas for the production of documents Defendants served on five of Plaintiff's eight retained experts.[1] Only one of these subpoenas was issued in the Western District of North Carolina. Plaintiff initially moved pursuant to Rule 26(c) for a protective order limiting the scope of the subpoenas issued as to all eight experts. Although styled as a motion for protective order pursuant to Rule 26(c), it appears to the Court that the relief actually requested by Plaintiff is the entry of an order quashing or modifying the subpoenas issued by Defendants. Subsequently, Plaintiff stated in his reply brief that many of the issues raised in his initial motion are now moot because the experts have served their own objections to the subpoenas on Defendants. Plaintiff, however, still moves for a protective order as to the subpoena served on Daniel Kuehnert.

---

[1] The three remaining experts had not been served with a subpoena when Plaintiff filed its motion. Curiously, the motion still seeks a protective order as to the experts who had not even been served with the subpoena yet.

-1-

As a threshold matter, this Court has no authority to quash or modify the subpoenas issued by other district courts. Rather, "the issuing court . . . has the necessary jurisdiction over the party issuing the subpoena and the person served with it to enforce the subpoena." 9A Charles Alan Wright, Arthur R. Miller, Mary Jay Kane & Richard L. Marcus, Federal Practice and Procedure, § 2463.1 (3d ed. 2008); Fed. R. Civ. P. 45(c)(2)(B). Accordingly, any motion to modify or quash a subpoena should be filed in the court issuing the subpoena.

Moreover, the Court questions whether Plaintiff even has standing to challenge the subpoenas at issue. Ordinarily, only the non-party from whom documents are sought has standing to challenge a subpoena unless Plaintiff can show a personal right or privilege to the information sought. 9A Wright, Miller, Kane & Marcus, supra, §§ 2459, 2463.1; Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D. Kan. 1999); Streck, Inc. v. Research & diagnostic Sys., Inc., No. 8:06cv458, 2009 WL 1562851, at * 3-4 (D. Neb. June 1, 2009).

> A motion to quash, or for a protective order, should be made by the person from whom the documents, things, or electronically stored information are requested. Numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena.

9A Wright, Miller, Kane & Marcus, supra, § 2463.1. This is only logical as it is the person commanded to produce the documents-the experts in this case-who must make and serve the objections to the subpoena. See Fed. R. Civ. P. 45(c)(2)(B).

The Party served with a subpoena requesting the production of documents must either produce the documents requested or serve its written objections on the party or attorney designated in the subpoena by the earlier of the time specified for complying with the subpoena or fourteen days after service of the subpoena. Fed. R. Civ. P. 45(c)(2)(B). The serving party may then move the Court issuing the subpoena to enter an order compelling production. Id. Conversely, the party served with the subpoena may move the issuing court to quash or modify the subpoena. Fed. R. Civ. P. 45(c)(3).

Based on the Court's review of the parties briefs, it is unclear the specific relief Plaintiff seeks, whether this Court has jurisdiction over the subpoenas to grant this relief, and whether Plaintiff has standing to assert its objections to the subpoenas. Accordingly, the Court **DIRECTS** the parties as follows:

(1) To the extent that Plaintiff still seeks affirmative relief from the Court as to these subpoenas, the Court **DIRECTS** Plaintiff to file a supplemental brief addressing the following: (1) whether the Court has jurisdiction over the subpoenas at issue; (2) whether Plaintiff has standing to challenge the subpoenas; and (3) the specific relief requested by Plaintiff. In addition, Plaintiff should attach a copy of the subpoena issued to any expert that Plaintiff seeks to modify or quash, as well as the written objections from the expert served on Defendants. Plaintiff shall filed his supplemental brief by Friday, June 17, 2011. This brief shall not exceed ten pages and should be supported by citations to legal

authority and the record.

(2) Defendants shall file any response to Plaintiff's supplemental brief by June 24, 2011. This response shall not exceed ten pages and should be supported by citations to legal authority and the record.

(3) Plaintiff may file a reply by June 29, 2011. This reply shall not exceed 5 pages.

(4) Absent compelling circumstances, the Court will not extend these time periods. Under no circumstance will the Court grant an extension of the page limits.

Signed: June 13, 2011

Dennis L. Howell
United States Magistrate Judge