# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv423

| | |
|---|---|
| JERRY ANDERSON, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| CALDWELL COUNTY SHERIFF'S ) OFFICE, et al., ) | |
| Defendants. ) | |

Pending before the Court are the Objections to Subpoenas and Motion to Quash filed by third parties Jay Gaither and Eric Bellas. Plaintiffs served subpoenas on Mr. Gaither and Mr. Bellas directing Mr. Gaither to produce documents and Mr. Bellas to appear for a deposition. These third parties then filed objections to the subpoenas, moved to quash the subpoenas, and moved for the entry of a protective order.

As a threshold matter, movants' motion fails to comply with the Court's Local Rules, which require the filing of a motion and a separate brief. LCvR 7.1. Movants have not filed a separate brief. Second, movants have not attached the subpoenas they seek to quash to their motion. This Court cannot evaluate whether a subpoena is proper if the party moving to quash it fails to provide a copy of the subpoena to the Court. Third, assuming that the subpoenas at issue were issued by this Court since movants filed their Motion to Quash here, Federal Rule of Civil Procedure 45, not the North Carolina Rules of Civil Procedure, governs the issue of whether or not this Court should quash the subpoena. Fourth, objections to a subpoena are not filed with

the Court. As Rule 45 makes clear, the party served with a subpoena "may serve on the party or attorney designated in the subpoena a written objection . . ." to the subpoena. Fed. R. Civ. P. 45(c)(2)(B). This objection must be served on the party or attorney by the earlier of the time specified in the subpoena for compliance or fourteen days after the subpoena is served. Id. It is unclear whether movants have complied with the requirements of Rule 45(c)(2)(B). Finally, movants failed to file a certification that they have conferred or attempted to confer with Plaintiff in order to attempt to resolve this dispute prior to filing their motion, as required by both the Local Rules and the Federal Rules of Civil Procedure. LCvR 7.1(B); Fed. R. Civil P. 26(c)(1). As a result of movants failure to comply with the requirements of the Local Rules and the Federal Rules of Civil Procedure, the Court **STRIKES** the Motion to Quash [# 121] without prejudice.

Signed: June 14, 2011

Dennis L. Howell
United States Magistrate Judge