IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv423

| | |
|---|---|
| JERRY ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CALDWELL COUNTY SHERIFF'S )<br>OFFICE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

Pending before the Court is the Motion to Compel [# 194]. Discovery in this case closed August 1, 2011. The motion deadline was September 1, 2011. Trial was scheduled for January 9, 2012. On November 10, 2011, Plaintiff moved to Compel Defendants to produce documents and information requested during discovery. The time for moving to compel Defendants to produce documents or respond to interrogatories having passed, the Court **DENIES** Plaintiff's motion [# 194].

**I.     Analysis**

Rule 37 of the Federal Rules of Civil Procedure does not specify a specific time limit for the filing of a motion to compel. See Fed. R. Civ. P. 37; <u>PCS Phosphate Co. v. Norfolk Southern Corp.</u>, 238 F.R.D. 555, 558 (E.D.N.C. 2006). Absent a specific order from the Court in the scheduling order, a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely. See <u>Days Inn Worldwide, Inc. v.</u>

-1-

Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); Rudolph v. Buncombe Cnty Gov't, No. 1:10cv203, 2011 WL 5326187 (W.D.N.C. Nov. 4, 2011) (Howell, Mag. J.); Lane. v. Lucent Techs., Inc., No. 1:04cv789, 2007 WL 2079879 (M.D.N.C. Jul. 13, 2007). Courts in this district have repeatedly held that a motion to compel filed after the close of discovery and after the expiration of the motion deadline in the scheduling order is untimely. See e.g., Greene v. Swain Cnty P'ship for Health, 342 F. Supp. 2d 442, 449 (W.D.N.C. 2004) (Thornburg, J.) (denying motion to compel as untimely filed twenty-one days after the discovery deadline and six days after the motions deadline); ABT v. Juszczyk, No. 5:09cv119, 2011 WL 2375843 (W.D.N.C. Jun. 9, 2011) (Keesler, Mag. J.) (denying motion to compel as untimely filed forty-one days after the close of discovery and thirty-nine days after the motions deadline); Shenoy v. Charlotte-Mecklenburg Hosp. Auth., No. 3:08cv125, 2011 WL 3564424 (W.D.N.C. Aug. 12, 2011) (Keesler, Mag. J.).

Discovery in this case closed August 1, 2011, and the motion deadline was September 1, 2011. Plaintiff, however, did not file his Motion to Compel until November 10, 2011, over three months after the close of discovery and one month after the extended motion deadline. The only explanation that Plaintiff offers for the late filing of his Motion to Compel is that Rule 37 does not set a specific time for the filing of a motion to compel and that he notified Defendants of his concerns regarding the discovery responses prior to the close of discovery. (Pl.'s Reply Support Mot. Compel. pp. 1-2.) Neither of these reasons justifies the late filing of

Plaintiff's motion, and nothing prevented Plaintiff from timely filing a motion to compel. The time for filing discovery motions and moving to compel the production of documents or the answers to interrogatories has long since passed. Accordingly, the Court **DENIES** as untimely the Motion to Compel [# 194].

**II. Conclusion**

The Court **DENIES** the Motion to Compel [# 194].

Signed: December 14, 2011

Dennis L. Howell
United States Magistrate Judge