# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv423

| | |
|---|---|
| **JERRY ANDERSON,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) ORDER |
| | ) |
| **CALDWELL COUNTY SHERIFF'S OFFICE;** *et. al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court *sua sponte*, to inquire of the parties about the current posture of this case and to direct the case management with regard to such portions of the case as remain before this Court.

This matter has been on the trial calendar for the January 9, 2012, mixed jury term of this Court since the Case Management Order was amended on July 5, 2011. On November 22, 2011, the Court conducted a hearing on the various motions for summary judgment that were pending in this case. At the conclusion of the hearing the Court specifically ruled that based on the divergent forecasts of evidence presented by the parties in this matter that there are genuine issues of material fact as to whether any of the

Defendants are entitled to qualified immunity. These factual issues, as articulated by the Court at that time, include but are not limited to the following:

1. Whether Defendant Stafford knowingly presented fabricated evidence in obtaining the arrest warrant for the Plaintiff;

2. Whether Defendants Stafford and Hartly participated in fabricating or tampering with evidence for presentation to the magistrate for the purpose of obtaining the arrest warrant against the Plaintiff.

3. Whether Defendant Stafford obtained an arrest warrant for the Plaintiff on less than a showing of probable cause;

4. Whether Defendant Stafford knowingly failed to produce substantial exculpatory evidence or misrepresented substantial exculpatory evidence in seeking the arrest warrant against the Plaintiff;

5. Whether the Sheriff and other superiors at the Caldwell County Sheriffs Office responded to Defendant Stafford's and Defendant Hartley's fabrications of or tampering with evidence or the presentation of such evidence in a manner as to condone such practices and thus manifest a deliberate indifference to misconduct leading to Plaintiff's arrest; and

6. Whether the Caldwell County Sheriff's Office failed to train its officers and employees as to any reasonable standard with regard to the use of

cadaver dogs, resulting in the unlawful arrest of the Plaintiff.

Because of the presence of these genuine issue of material fact, the Court denied all the motions for summary judgment except that the Court stated that it would grant summary judgment on the negligence claims and all claims against Defendant Burnett. Before the Court was able to enter a written memorandum of decision granting those motions for summary judgment, however, a Notice of Appeal was filed on behalf of "all the remaining defendants." [Doc. 203]. (It is unclear whether this includes Defendant Burnett.)

The Defendants' filing of a Notice of Appeal from the denial of substantial portions of the motions for summary judgment raises several important questions as to what remains pending in this Court and the schedule therefor. For this reason the Court asks that counsel for the parties address the following questions for the Court in a response to be filed on or before December 22, 2011:

1. Does the filing of the Notice of Appeal divest the District Court of jurisdiction until the disposition of the appeal?

2. If yes, is the District Court divested of jurisdiction as to all claims?

    A. Does this include the claims as to which the Court stated its intent to grant summary judgment?

B.  Does this include the state law claims against the appealing Defendants?

C.  Does this include the claims against the bonding companies (Defendants Fidelity and Deposit Company of Maryland and Ohio Casualty Company), or are their appeals based only on pendent appellate jurisdiction?

3.  If this Court is not entirely divested of jurisdiction, what is available to be tried at this time?

At the conclusion of the November 22 hearing the Court scheduled the final pretrial conference in this matter for December 29.  The Court will, therefore, schedule a hearing on the issues outlined above for December 29, 2011.  If any issues remain for trial at the conclusion of that hearing the Court will then proceed directly to the final pretrial conference with regard to a trial on those issues.

The brief the parties are to file as outlined above shall not exceed 10 pages in length in 14 point type, double spaced.

**IT IS SO ORDERED.**

Signed: December 15, 2011

Martin Reidinger
United States District Judge