# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv423

| | |
|---|---|
| JERRY ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| CALDWELL COUNTY SHERIFF'S ) | |
| OFFICE; *et. al.*, ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on its denial of the Defendants' motion for summary judgment and the Defendants' appeal therefrom[1] [Doc. 203], as well as the Defendant's Motion for Stay [Doc. 215], and the Plaintiff's Motion to Reschedule Deadlines [Doc. 220].

It appearing that there is a substantial question as to whether the order appealed from by the Defendants is an immediately appealable order, the

---

[1] At the hearing on the motions for summary judgment the Court stated its intention to grant the motion for summary judgment of one defendant, that being Defendant Barnett. Prior to the Court entering a written order and/or judgment granting such, the Defendants (apparently including Defendant Barnett) filed their Notice of Appeal [Doc. 203] and have taken the position that such Notice divests this Court of jurisdiction. Therefore, no written order granting summary judgment in favor of Defendant Barnett has been entered.

Court asked the parties to address the issue of appealability and the issue of whether the Court retained jurisdiction over all or part of this case while the appeal is pending. [Doc. 209].

The substance of the arguments of the parties on the issue of summary judgment pertained to the question of the existence of any genuine issues of material fact. These included the issue of whether the Defendants participated in actions that violated the Plaintiff's constitutional rights by, *inter alia*, fabricating evidence against the Plaintiff, and presenting fabricated evidence for the purpose of obtaining an arrest warrant against the Plaintiff. The arguments also addressed the factual question of what evidence had been presented to the state magistrate for the purpose of obtaining the arrest warrant against the Plaintiff since there is no written record thereof. The Court, in its ruling, determined that the forecasts of evidence did, indeed, present numerous genuine issues of material fact. As such, it appears that these issues and the Court's denial of summary judgment based thereon would not be immediately appealable under Johnson v. Jones, 515 U.S. 304 (1995). In fact, Plaintiff takes the position that the appeal is subject to immediate dismissal for this reason.

This presents the question of whether this Court retains jurisdiction notwithstanding the filing of the Notice of Appeal. The Defendants argue that

they are aware of Johnson v. Jones, and that they are intending to present on appeal an issue that is immediately appealable within the parameters thereof.

Clearly, if the Court were to proceed with trying all or a portion of this case while the issue remains pending as to whether the Defendants may immediately appeal, it may result in a substantial waste of judicial time and resources. For this reason, the Plaintiff consents to this matter being stayed, even though he strongly contends that jurisdiction remains in this Court and that he intends to move to dismiss the Defendants' appeal at the earliest possible time.

Therefore, without needing to resolve the jurisdictional issues, the Court determines in its discretion to stay this case pending a resolution of the issue of the appeal by the Court of Appeals, either by decision or by dismissal of the appeal.

As a result of this ruling the Defendants' Motion for Stay [Doc. 215] and the Plaintiff's Motion to Reschedule Deadlines [Doc. 220] are moot and will be denied for that reason.

**IT IS THEREFORE ORDERED** that this matter is stayed pending a determination of the Court of Appeals regarding the Defendants' appeal or until further order of this Court.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Stay [Doc.

215] and the Plaintiff's Motion to Reschedule Deadlines [Doc. 220] are hereby

**DENIED** as moot.

Signed: January 6, 2012

Martin Reidinger
United States District Judge